IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACOB DANIEL ANDERSON,

       Plaintiff,

       v.

STATE OF OREGON; and
MARION COUNTY, OREGON,

       Defendants.
_____

Case. No. 6:20-cv-02036-MK

OPINION AND ORDER

MCSHANE, Judge:

    *Pro se* Plaintiff Jacob Anderson seeks leave to proceed *in forma pauperis* ("IFP"). *See* ECF No. 2. The Court, under 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted. This Court will also construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

    Plaintiff challenges the collection of custody payments and a state court conviction. Pl.'s Compl. 3-4, ECF No. 1. Plaintiff cites several constitutional and statutory grounds for his claim, alleging that Defendants have "refused to return things wrongfully seized" and violated Plaintiff's due process rights. Pl.'s Compl. 3. Plaintiff seeks $250,000 in damages, imposition of sanctions, and a reversal of his felony conviction. Pl.'s Compl. 5.

    Plaintiff's complaint is an end run around state court proceedings and as such, his claims are barred by the *Rooker-Feldman* doctrine. The *Rooker–Feldman* doctrine deprives federal district courts of jurisdiction over cases directly challenging a state court judgment. *Exxon Mobil*

1 – OPINION AND ORDER

*Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *Amerisourcebergen Corp. v. Roden*, 495 F.3d 1143, 1153 (9th Cir. 2007). The *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284.

Because Plaintiff argues that his alleged injuries stem from state court errors, his claims violate the *Rooker-Feldman* doctrine by "inviting district court review and rejection of…[state court] judgements." *Id*. The Court is thus precluded from hearing Plaintiff's claims because they seek to collaterally attack prior state court decisions. *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923).

## CONCLUSION

Because Plaintiff's complaint fails to state a claim on which relief may be granted, his IFP application, ECF No. 2, is DENIED and this action is DISMISSED with prejudice. All other pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 21st day of January, 2021.

                                                                           /s/ Michael McShane  
                                                                          Michael McShane  
                                                               United States District Judge